**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

Broussard                                                                 Civil Action No. 6:16-00456

versus                                                                      Judge Dee D. Drell

Manuel Medical Center                      Magistrate Judge Carol B. Whitehurst

**REPORT AND RECOMMENDATION**

Before the undersigned, on referral from the district judge, are the following:
(1) Motion To Dismiss filed by defendant, Manuel Medical Center ("Manuel")[Rec.
Doc.147], pro se Plaintiff, Zelma L. Broussard's, Opposition [Rec. Doc. 22] and
Supplemental Opposition [Rec. Doc. 24], and Manuel's Reply thereto [Rec. Doc. 28];
(2) Manuel's Motion To Dismiss Amended Complaint Under Rule 12(b)(6) [Rec.
Doc. 37] and Plaintiff's Opposition [Rec. Doc. 39]; and, (3) Plaintiff's Motion For
Judgment On The Pleadings Under FRCP Rule 12(c), [Rec. Doc. 43]. For the reasons
that follow, the Court will recommend that Defendant's Motion To Dismiss be
granted in part and denied in part, that Defendant's Motion To Dismiss Amended
Complaint be granted and that Plaintiff's Motion For Judgment On The Pleadings be
denied.

*I. Factual and Procedural Background*

Pro se Plaintiff, Zelma Broussard, is a former employee of Manuel. In her
verified Complaint, Plaintiff alleges Manuel is liable for the following violations: (1)
42 U.S.C. § 1981; (2) Title VII of the Civil Rights Act of 1964; (3) La. R.S. 23:967,
Louisiana Whistleblower Statute; (4) La. R.S. 42:1169;(5) 5 U.S.C. 2302(b)(a); and
(6) the "False Claims Amendment Act."

Plaintiff alleges she is licensed practical nurse who began her employment with Manuel on or about August 5, 2015. *R. 1, ¶ 2.* Plaintiff further alleges, on October 12, 2015, she observed her co-employee and immediate supervisor, Natalie A. Babin, a Family Nurse Practitioner, prescribe and issue "a Class II Controlled Substance—Amphetamine" to a 16 year old minor unaccompanied by an adult, in violation of 21 U.S.C. § 859, Distribution to persons under age twenty-one. *Id at ¶¶ 5, 7.* She alleges that Babin's action was taken when Dr. Powlin Manuel was out of the country, having left Babin to operate his practice. *Id at ¶ 6.* Plaintiff states that on or about October 12, 2015, she reported this violation directly to Babin, then to Powlin Manuel, her direct supervisor, and Cynthia Manuel, Director of Human Resources, via a written letter. *Id at ¶¶ 5, 6, 7.* Plaintiff alleges that on October 13, 2015, she was notified via voice message from Dr.  Manuel that she was terminated from employment, *Id at ¶ 10*, and on October 19, 2015, she received written correspondence from Manuel  confirming that her services were no longer needed. *Id at ¶ 12*.

Plaintiff further alleges  she "experienced reprisal/retaliation for advocating in the best interest of public safety…," *Id at ¶ 9*; that her termination "was a pretext to conceal an unethical practice and unlawful conditions," *Id at ¶ 14*; and, she "was adversely affected by the action of defendant in that she lost her employment opportunity for protecting safety, live [sic] and health of patients."  *Id at ¶ 14*.

Plaintiff also alleges that on December 1, 2015, subsequent to her termination, Manuel "made a false claim for reimbursement for an office visit which never

2.

occurred" against Plaintiff's private insurance company, Mail Handlers Benefit Plan. She asserts this action was "a violation of the False Claims Amendment Act and constitutes a behavior which demonstrates a pattern of concealing unethical healthcare practice for economic gain." *Id at ¶ 18.*

Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on January 21, 2016, stating "I believe I have been retaliated against in violation of Title VII." *Id at ¶ 21*; *R. 14-5.* On February 2, 2016, the EEOC dismissed Plaintiff's charge because it was "unable to conclude that the information obtained establishes violations of the statutes" and issued a right to suit notice. *R. 1,  ¶ 21; R. 14-5.* Plaintiff filed this action against Manuel on April 5, 2016. On July 21, 2016, Manuel filed this Motion To Dismiss.

## II. Legal Standard

A motion to dismiss for failure to state a claim, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, is appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a district court must limit itself to the contents of the pleadings, including any attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  The court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). However, conclusory allegations and unwarranted deductions of fact are not accepted

as true, *Collins v. Morgan Stanley*, 224 F.3d at 498, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," *Id.* at 555. and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 127 U.S. at 555; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Id*.

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal* at 678. "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Therefore, "[t]he complaint (1) on its face (2) must contain enough factual

4.

matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009), quoting *Bell Atlantic v. Twombly*, 127 U.S. at 556.

### III. Law And Analysis

### A. Motion To Dismiss Plaintiff's Original Complaint

#### 1. 42 U.S.C. § 1981 and Title VII

In its motion to dismiss Plaintiff's original Complaint, Manuel contends that Plaintiff fails to establish the elements of retaliation claims under Title VII and § 1981. To establish a prima facie case for retaliation under Title VII and § 1981, a plaintiff must show that: (1) she engaged in activity protected by Title VII; (2) she suffered an adverse employment action; and (3) a causal connection existed between the participation in the protected activity and the adverse employment action. *Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 655 (5th Cir.2004) (the analysis used for § 1981 retaliation claims is the same as the analysis of retaliation claims under Title VII). Manuel further argues that Plaintiff failed to state a claim for relief under Title VII because she did not plead that her employer had 15 or more employees for 20 or more calendar weeks in the year of the alleged discrimination of the year preceding it.

#### 2. La. R.S. § 23:967 Louisiana Whistleblower Statute

Manuel also contends that Plaintiff's Complaint fails to state a cause of action of the Louisiana Whistleblower Statute, 23:967, in that she "has not alleged and

cannot allege" that Manuel "employs 20 or more employees within the state for each working day in each of 20 or more calendar weeks in the current or preceding years" as required by 23:302(2), Definitions. It further argues Plaintiff has failed to allege, (1) "serious conduct," (2) committed by the employer, (3) that actually violated state law, and (4) resulted in the firing, constructive discharge, or other retaliatory action against the plaintiff, as required under Louisiana jurisprudence. In particular, Manuel contends that the statute requires that *the employer* violate *Louisiana law* by serious conduct. Plaintiff has alleged that her *co-worker* violated *Federal law*.

### 3. La. R.S. § 42:1169

Manuel further argues Plaintiff cannot state a claim under La. R.S. § 42:1169, the Louisiana Whistleblower Statute, because the statute concerns only public state officers and employees. Section 42:1169 requires that the whistle blower be a "public employee" and the violator must be "engaged in any illegal workplace acts, violations of law, or violations of the Code of Government Ethics.

### 4. 5 U.S.C. § 2302

Manuel also argues that Plaintiff cannot state a claim under 5 U.S.C. § 2302, the federal whistleblower statute, because it concerns only government organizations and employees. Congress enacted the Whistleblower Protection Act ("WPA") to increase protections for whistleblowers by prohibiting adverse employment actions taken because a federal employee discloses information that the employee reasonably believes evidences a violation of any law or actions that pose a substantial and

6.

specific danger to public health or safety. 5 U.S.C. § 2302(b)(8); *Payne v. Fanning*, 2016 WL 4499025, at *4 (W.D.La., 2016).

  *5. The False Claims Act*

  Finally, Manuel contends that Plaintiff has not properly pled a claim under the False Claims Act. "In order to establish a violation of Section 3729(a)(1) of the False Claims Act, a plaintiff must show that: (1) there was a false statement or fraudulent course of conduct; (2) made or carried out with the requisite scienter; (3) that was material; and (4) that caused the Government to pay out money or to forfeit moneys due...." *U.S. ex rel. Longhi v. U.S.*, 575 F.3d 458, 467 (5th Cir. 2009). Manuel argues that the Mail Handlers Benefit Plan is a private insurer, and therefore, Plaintiff has not pled that a claim for payment was made to the federal government. Manuel further argues that Plaintiff has not established that the claim was false or fraudulent.

  Plaintiff filed an opposition to Manuel's motion, *R. 22*, and later filed a supplemental memorandum, *R. 24*. In her opposition memoranda, Plaintiff states, "Plaintiff attest [sic] claim is not a claim on basis of race discrimination. Plaintiff asserts wrongful termination/retaliation and whistle blowing for reporting violation of public policy of state and federal law." *R. 22*. In her supplemental memorandum, Plaintiff reiterates, "claim is not on basis of race discrimination. Plaintiff asserts wrongful termination/retaliation and whistle blowing for reporting violation of public policy, state and federal laws...." *R. 24*. She contends that Manuel is liable for the action of Babin who was "prescribing control substance under authority of Manuel." *Id.*

*B. Motion To Dismiss Plaintiff's Amended Complaint*

On August 31, 2016, before the Court's motion hearing date on the Motion To Dismiss, Plaintiff filed a Motion To Amend Complaint which was granted by the Court. *R. 31; 33*. In her Amended Complaint, Plaintiff does not adopt, incorporate or reference the original Complaint. Rather, she reasserts violations under 42 U.S.C. § 1981 and Title VII as well as La. R.S. 23:967, the Louisiana Whistleblower Statute, and adds claims under La. R.S. 40:2009.17 and La. R.S. 22:1924. Based on Plaintiff's action, the Court will consider Plaintiff's Amended Complaint independent of her original Complaint.

In her Amended Complaint Plaintiff alleges that she is a black female, *R. 33, ¶ 1*; that she filed a charge with the EEOC alleging violations of Title VII and retaliation, *Id at ¶ 8*; and, that Defendant intentionally discriminated against her by terminating her employment—an adverse employment action based on retaliation after she disclosed the unlawful practice of Babin, her immediate supervisor and a white female, *Id at ¶¶ 9, 11,14*. Plaintiff further claims that Babin "made her work environment hostile immediately after she disclosed the unlawful practice."[1] *Id at ¶ 25*. Plaintiff also asserts that "she learned on December 1, 2015, after her termination," that Manuel tried to obtain reimbursement against her insurer, Mail Handler Benefit Plan, for service as a patient to receive reimbursement for her flu shot. *Id at ¶ 30*. Plaintiff contends she was never a patient, she was an employee and she received a "no cost flu shot [which was] available to all staff." *Id*.

---

[1] Plaintiff did not claim hostile work environment in her EEOC Charge. *R. 14-5*.

On September 20, 2016, Manuel filed a Motion To Dismiss Plaintiff's Amended Complaint. *R. 37.* Manuel reasserts its challenges to Plaintiff's § 1981, Title VII and Louisiana Whistleblower Statute claims. Manuel further asserts that Plaintiff cannot state a claim under either La.R.S. 40:2009.17 or La.R.S. 22:1924. The Court will address these claims as follows.

*1. 42 U.S.C. § 1981 and Title VII*

Claims of retaliation under Title VII and § 1981 are analyzed under the same standard. *See Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 403–04 n. 2 (5th Cir.1999). To present a prima facie case of retaliation under Title VII, 42 U.S.C. § 2000e–3(a), and Section 1981, "a plaintiff must show that: (1) she engaged in an activity protected by Title VII; (2) she was subjected to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action." *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 319 (5th Cir.2004). Thus, under Title VII, it is unlawful for an employer to "retaliate" by discriminating against an employee because the employee engaged in protected activity. "[A]n employee has engaged in protected activity if he or she has (1) opposed any practice made an unlawful employment practice by this subchapter, or (2) made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 427–28 (5th Cir.2000)(quoting 42 U.S.C. § 2000e–3(a)).

The jurisprudence provides examples of actions that constitute "protected activity" under Title VII. *See e.g., Carrera v. Commercial Coating Servs. Int'l*, 422

9.

F. App'x 334, 339 (5th Cir.2011) (Complaining to supervisors about racial discrimina-

tion or harassment); *Parker v. St. Tammany Parish School Bd.*, 2013 WL 3283341,

at *3 (E.D.La.,2013) (Complaining to officials that white employees were referring

to black employees by using the "N" word); *Dickens v. Hudson Sheraton Corpora-

tion, LLC*, 167 F.Supp.3d 499, 521 (S.D.N.Y., 2016) (Complaining to supervisor that

he had been passed over for consideration of being promoted in favor of non-black

and considerably younger applicants). Thus, to survive dismissal of her retaliation

claim, Plaintiff must allege that Manuel unlawfully retaliated against her for opposing

racial discrimination or harassment.

Here, Manuel correctly asserts that Plaintiff's Amended Complaint contains no

reference to discrimination on the basis of any protected category under the statutes.

Although Plaintiff asserts retaliation, she claims that the conduct she opposed was a

coworker allegedly providing prescriptions for controlled substances to a minor

patient in the absence of a parent or adult.  She does not assert that she engaged in

any protected activity under Title VII, nor that she opposed an employment practice

made unlawful under the statutes—racial discrimination or any other discriminatory

conduct.[2]   In other words, Plaintiff does not allege that Manuel engaged in any

racially or other discriminatory conduct which she opposed and that her opposition

to that discriminatory conduct resulted in her termination.

---

[2]  Because Plaintiff did not file a charge with the EEOC until after the alleged retaliatory discharge took place, she cannot assert that she "made a charge, testified, assisted, or participated " in an investigation or proceeding" under Title VII or § 1981 which lead to the alleged retaliation. *Byers v. Dallas Morning News, Inc*., 209 F.3d 419, 428 (5th Cir. 2000).

As Plaintiff cannot establish that she engaged in protected activity under Title VII or § 1981 prior to her dismissal, she has failed to state a prima facie case of discrimination. Therefore, Plaintiff has failed to state a claim for retaliation under either Title VII or § 1981.

*2. Louisiana Whistleblower Statute, La. R.S. 42:1169*

Manuel reasserts its argument that Plaintiff's Amended Complaint fails to state a cause of action of the Louisiana Whistleblower Statute, 23:967. First, Manuel argues that Plaintiff did not allege that Manuel employs 20 or more employees as required by 23:302. Second, Manuel argues that Plaintiff's allegations failed to establish the elements of the statute: (1) "serious conduct;" (2) committed *by the employer*; (3) that actually violated *state law*; and (4) resulted in the firing, constructive discharge, or other retaliatory action against the plaintiff, as required under Louisiana jurisprudence. Manuel asserts that Plaintiff alleged that her *co-worker* violated *Federal law*.

The Louisiana Whistleblower Statute, La. R.S. 23:967, provides in pertinent part:

> A. An employer is prohibited from reprisal against an employee "who in good faith, and after advising the employer of the violation of law:
>
> (1) Discloses or threatens to disclose a workplace act or practice that is in violation of state law.
>
> (2) Provides information to or testifies before any public body conducting an investigation, hearing, or inquiry into any violation of law.
>
> (3) Objects to or refuses to participate in an employment act or practice that is in violation of law.

B. An employee may commence a civil action in a district court where the violation occurred against *any employer* who engages in a practice prohibited by Subsection A of this Section.

LSA-R.S. 23:967 (emphasis added).

"The Louisiana Whistleblower Statute targets serious *employer conduct* that violates the law. *Puig v. Greater New Orleans Expressway Commission*, 772 So.2d 842, 845 (La.App. 5 Cir. 10/31/00). The prerequisite for filing a claim under 23:967 is that an employer must have committed a violation of state law for an employee to be protected from reprisal. *Barber v. Marine Drilling Management, Inc.*, 2002 WL 237848 (E.D.La. 2002). Furthermore, because La.-R.S.23:967 is an anti-retaliation statute, it follows logically that the unlawful conduct reported by the employee must be that of the employer." *Davis v. Allen Parish Service Dist.*, 2005 WL 2461391, at *3 (W.D.La.,2005) (emphasis in the original).

Here Plaintiff alleges that she was fired for reporting that a coworker, Babin, wrote two prescriptions for controlled substances to a minor patient in the absence of a parent or adult. Plaintiff alleges that Babin violated 21 U.S.C. § 859, a federal law. Plaintiff makes no allegation that Manuel, her employer, engaged in serious conduct which violated Louisiana law and resulted in retaliatory action against her. Moreover, Plaintiff's allegations about the incident complained of fall outside the scope of the Louisiana Whistleblower Statute as to subsection A(1), requiring a workplace violation of *state* law and subsection A(2), requiring that Plaintiff provided information to a public body conducting an investigation, hearing or inquiry into any

12.

violation of law. Consequently, Plaintiff has failed to allege a plausible claim for retaliation under the Louisiana Whistleblower Statute, La. R.S. § 23:967.

*3. La. R.S. § 40:2009.17, Retaliation By Health Care Provider*

La. R.S. § 40:2009.17 addresses retaliation my a "health care provider" and states as follows:

> No discriminatory or retaliatory action shall be taken by any health care provider or government agency against any person or client by whom or for whom any communication was made to the department or unit, provided the communication is made in good faith for the purpose of aiding the office or unit to carry out its responsibilities. Any person who knowingly or willfully violates the provisions of this Section shall be guilty of a misdemeanor and upon conviction punished by a fine of not less than one hundred dollars nor more than five hundred dollars.

LSA-R.S. 40:2009.17. Thus, 40:2009.17 is a penal statute that makes retaliation by a health care provider a criminal offense.

Defendants represent, and the Court's research confirms, that no court has interpreted the scope of this statute. As a penal statute, however, it must be strictly construed. *See XXI Oil & Gas, LLC v. Hilcorp Energy Company*, 2016 WL 5404650, at *5 (La.App. 3 Cir., 2016) (Statutes that are penal in nature must be strictly construed.); *State v. Piazza*, 596 So.2d 817, 820 (La.1992). Also, "a private party may not enforce criminal statutes through a civil action." *Florence v. Buchmeyer*, 500 F. Supp. 2d 618, 635 (N.D. Tex. 2007).[3]

---

[3] Decisions whether to prosecute or file criminal charges are generally within a prosecutor's discretion, and, as private citizens, plaintiffs have no standing to institute a federal criminal prosecution and no power to enforce a criminal statute. *See Gills v. Texas*, 153 Fed. A'ppx 261, 262-63 (5th Cir. 2005).

Nothing in La.R.S. 40:2009.17 explicitly provides a claimant with a private cause of action or remedy for a healthcare provider's violation of the statute. The Louisiana Supreme Court has recognized that "the legislature is certainly capable of providing for both criminal sanctions and civil penalties and/or remedies in a single statute." *Chevalier v. L.H. Bossier, Inc.*, 676 So.2d 1072, 1076 (La.,1996). Thus, where a criminal statute does not explicitly provide for a private cause of action or remedy, courts may not include the additional penalty of a private right of action. *Id.* ("criminal statutes are not, in and of themselves, definitive of civil liability").

Here, Revised Statute 40:2009.17 contains a clear and explicit penalty provision—a violation of the statute shall result in a fine of not less than $100.00 and not more than $500.00—and provides no basis for recovery by a claimant such as Plaintiff for violation of the statute. As La. R. S. § 40.2009.17 does not provide a private right of action, Plaintiff cannot state a claim upon which relief may be granted under the statute.

*4. La. R.S. 22:1924, Insurance Fraud*

La. R.S. § 22:1924. Prohibited activities and sanctions, makes insurance fraud a criminal offense, and states in pertinent part:

> A. (1) Any person who, with the intent to injure, defraud, or deceive any insurance company, or the Department of Insurance, or any insured or other party in interest, or any third-party claimant commits any of the acts specified in Paragraph (2) or (3) of this Subsection is guilty of a felony and shall be subjected to a term of imprisonment, with or without hard labor, not to exceed five years, or a fine not to exceed five thousand dollars, or both, on each count and payment of restitution to the victim company of any insurance payments to the defendant that the court determines was not owed and the costs incurred by the victim company associated with the evaluation and defense of the fraudulent claim,

including but not limited to the investigative costs, attorney fees, and court costs. However, if the benefit pursued does not exceed one thousand dollars, the term of imprisonment shall not exceed six months, or the fine shall not exceed one thousand dollars, or both, on each count.

(2) The following acts shall be punishable as provided in Paragraph (1) of this Subsection:

(a) Committing any fraudulent insurance act as defined in R.S. 22:1923.

(b) Presenting or causing to be presented any written or oral statement including computer-generated documents as part of or in support of or denial of a claim for payment or other benefit pursuant to an insurance policy, knowing that such statement contains any false, incomplete, or fraudulent information concerning any fact or thing material to such claim or insurance policy.

(c) Assisting, abetting, soliciting, or conspiring with another to prepare or make any written or oral statement that is intended to be presented to any insurance company, insured, the Department of Insurance, or other party in interest or third-party claimant in connection with, or in support of or denial, or any claim for payment of other benefit pursuant to an insurance policy, knowing that such statement contains any false, incomplete, or fraudulent information concerning any fact or thing material to such claim or insurance policy.

(3)(a) Knowingly and willfully committing health care fraud shall be punishable as provided in Paragraph (1) of this Subsection.

(b) "Health care fraud" shall mean, in conjunction with the delivery of or payment for health care benefits, items, or services:

(I) To execute a scheme or artifice to defraud any health care benefit program.

(ii) To obtain, by means of fraudulent claims, or false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program.

***

15.

B. The criminal provisions of this Section shall be investigated, enforced, or prosecuted only by the proper law enforcement and prosecutorial agencies.

LA R.S. 22:1924.

Louisiana Revised Statute 22:1924 provides only for a criminal penalty. Section "B"of the statute explicitly states that the statute may be enforced only by law enforcement and prosecutorial agencies. The jurisprudence is clear that there is no provision in the Insurance Code for a private cause of action relating to insurance fraud. *A-1 Nursery Registry, Inc. v. United Teacher Associates Ins. Co.*, 682 So.2d 929, 931–32 (La.App. 3 Cir.,1996). Accordingly, Plaintiff cannot state such a claim against Manuel under La. R.S. § 22:1924.

*C. Plaintiff's Motion For Judgment On The Pleadings Under Rule 12(c)*

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to move for judgment on the pleadings after the pleadings are closed but early enough so as not to delay trial. The standard for deciding a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is the same as that for a motion to dismiss under Rule 12(b)(6). *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). As provided in the foregoing, Manuel filed motions to dismiss Plaintiff's original and Amended Complaints which the Court has analyzed and ruled on. As Plaintiff's motion for judgment on the pleadings would be decided on the same standard, the result will be the same. That is, Plaintiff has failed to state a claim to relief that is plausible on its face.

16.

*Conclusion*

In light of the foregoing analysis, the undersigned recommends that: (1) the Motion To Dismiss filed by defendant, Manuel Medical Center  [Rec. Doc.14] be GRANTED IN PART, in that Plaintiff's claims under La. R.S. 42:1169, 5 U.S.C. 2302(b)(a) and the "False Claims Amendment Act" be DISMISSED WITH PREJUDICE for failure to state a claim under Rule 12(b)(6), and that Plaintiff's claims under 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964 and La. R.S. 23:967, the Louisiana Whistleblower Statute, be DENIED IN PART based on Plaintiff's reassertion of those claims in her Amended Complaint; (2) the Motion To Dismiss Amended Complaint Under Rule 12(b)(6) filed by Defendant, Manuel Medical Center [Rec. Doc. 37] be GRANTED and all of Plaintiff's claims be DISMISSED WITH PREJUDICE for failure to state a claim under Rule 12(b)(6); and,  (3) Plaintiff's Motion For Judgment On The Pleadings Under FRCP Rule 12(c), [Rec. Doc. 43] be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within

fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th  Cir.1996).

  Thus done and signed this 14th  day of December, 2016 at Lafayette, Louisiana.


CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE